UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN C. BAKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-00905-JPH-CSW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND DENYING CERTIFICATE OF APPEALABILITY**

In his motion for relief pursuant to 28 U.S.C. § 2255, Kevin Baker argues that his conviction and sentence for the production and possession of child pornography must be vacated due to numerous Constitutional violations committed by his counsel and the Court. For the reasons explained in this Order, Mr. Baker's motion is **denied** without an evidentiary hearing and his motion is **dismissed with prejudice.** In addition, the Court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

1

collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

Not every petitioner who seeks relief pursuant to § 2255 is entitled to an evidentiary hearing. *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004). A hearing is unnecessary when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court "need not hold an evidentiary hearing 'if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific.'" *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016) (quoting *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001)). A court should conduct an evidentiary hearing "when the petitioner alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009) (quotation marks omitted).

## II. Factual and Procedural Background

On August 15, 2017, Mr. Baker was indicted for two counts of production of child pornography under 18 U.S.C. § 2251(a) and one count of possession of material containing child pornography under 18 U.S.C. § 2252A(a)(5)(B). *United States v. Baker*, No. 1:17-cr-00163-JPH-MJD (S.D. Ind.), at 20 (hereinafter

"Crim. Dkt."). The indictment for the production charges alleged that, for two different images:

> Between in or about June 15, 2017, to June 16, 2017, and within the Southern District of Indiana and elsewhere, the defendant KEVIN C. BAKER, did employ, use, persuade, induce, entice, or coerce MINOR VICTIM 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and did aid and abet such conduct, and such visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means . . . .

*Id.* at 1.

Mr. Baker was represented by appointed counsel Gwendolyn Beitz. Crim. Dkt. 7. Mr. Baker moved to replace Ms. Beitz. Crim. Dkt. 52. After a hearing, the Court denied the motion but appointed William Dazey as co-counsel. Crim. Dkt. 53.

On October 8, 2019, Mr. Baker petitioned to plead guilty as charged without a plea agreement. Crim. Dkt. 62. The petition stated that Mr. Baker understood that the maximum punishment for Counts 1 and 2 of the indictment was 25–50 years. *Id.* at p. 1. It also stated that no agent of the government promised or suggested to Mr. Baker that he "would receive a lighter sentence or any other consideration if [he] would plead guilty." *Id.* at 3.

At Mr. Baker's change-of-plea hearing, the Court confirmed that Mr. Baker:

- was not under the influence of drugs or alcohol;
- was not suffering from a mental disability;

3

- was satisfied with his representation by Attorneys Beitz and Dazey;
- had read, understood, and signed his petition to plead guilty;
- had not been coerced into pleading guilty by any threats or promises and that it was his own free will to do so.

Crim. Dkt. 90 at 6-8.

The Court also confirmed that Mr. Baker understood:

- the right to plead not guilty and persist with his not guilty plea;
- the right to a jury trial;
- the right to be represented by counsel, including appointed counsel if necessary;
- the right to subpoena, confront, and cross-examine witnesses;
- the right not to testify or present any evidence;
- the right to testify and present evidence;
- that he would be waiving the above rights if he pled guilty.

*Id.* at 12-15.

The Court further informed Mr. Baker:

- that the government could use anything he said under oath in a perjury prosecution;
- of the maximum and mandatory minimum penalties for the charges to which he was pleading guilty;
- the nature of the charges as alleged in the indictment;
- the Court's obligation to impose a special assessment for each charge;
- that the Court could order restitution to the victim;

4

- that the Court could order a term of supervised release and that it could be revoked if he violated conditions of release;
- that the Court would consider the United States Sentencing Guidelines when determining his sentence but that it was not required to follow them.

*Id.* at 9-12, 23.

The Court accepted Mr. Baker's guilty plea and sentenced him to an above-Guidelines term of 420 months (35 years). *Id.* at 96. Mr. Baker filed a notice of appeal. Crim. Dkt. 83. His appointed appellate counsel later moved to dismiss the appeal, which the Seventh Circuit granted on May 27, 2020. Crim. Dkt. 98.

In his § 2255 motion and supporting brief, Mr. Baker alleges that his trial counsel was ineffective. Dkt. 1; dkt. 2. Specifically, he argues that trial counsel "failed to make any pretrial investigations into this case," did not file a "Bill of Particulars," did not challenge the indictment, and "caused the Petitioner in this case to receive too long a sentence." Dkt. 2 at 7–8. Mr. Baker also raised freestanding claims that his indictment was fatally flawed for not stating the statutory mens rea for the offense of production of child pornography, and that "the guilty plea was not properly taken or accepted." *Id.* at 2, 9. He also argued that he "was not charged under the penalty provision of paragraph (B) of Title 21 USC 841 and 846." *Id.* at 12–23.

After the government responded to Mr. Baker's petition and brief, Mr. Baker filed a reply arguing that the United States lacked jurisdiction to prosecute him for these offenses due to a lack of nexus with interstate commerce. Dkt. 15.

5

Mr. Baker later filed a motion for leave to amend his § 2255 motion. Dkt. 22. The proposed amendment argues that trial counsel was ineffective for failing to investigate whether he had committed the charged offenses because he allegedly did not know that the images depicted a child and/or that he did not request them from the victim.

### III. Discussion

**A. Motion to Amend and Arguments in Reply Brief**

**1. Motion to Amend**

Motions for leave to amend a § 2255 motion are governed by Rule 15 of the Federal Rules of Civil Procedure. *See Coleman v. United States*, 79 F.4th 822, 828 (7th Cir. 2023). Although leave to amend generally should be given freely "when justice so requires," this liberal standard is limited by any applicable statute of limitations. *Id.* at 827. This includes the one-year limitation for filing a § 2255 action. *Id.* (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)).

"Where a party seeks to amend a pleading after the statute of limitations has run, he must turn to the relation-back provision of Rule 15(c), which allows such amendment if it 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'" *Id.* (quoting Fed. R. Civ. P. 15(c)(1)(B)). In addressing the identical one-year limitation for habeas corpus actions under 28 U.S.C. § 2254, the Supreme Court has held that "Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S.

6

at 659. It is not enough that an amended petition relates to the same trial, conviction, or sentence that led to the filing of the petition in the first place. *Id.* at 662–63.

When assessing whether an amended pleading relates back to an original petition, courts "must consider whether, under the particular circumstances of the litigation, the opposing party has been put on notice as to the claim raised in the proposed amendment." *Coleman*, 79 F.4th 822 at 828. "The central inquiry under Rule 15(c) is whether the original complaint 'gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'" *Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) (quoting *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006)). In some cases, it may be clear from the face of a proposed amendment and the original complaint or petition whether the opposing party was put on notice of a later-added claim. *Coleman*, 79 F.4th at 828. If it is not clear from the face of the pleadings, "the district court's familiarity with and proximity to the parties and proceedings will help it decide whether a defendant would (or reasonably should) be 'surprised by the amplification' of the plaintiff's originally asserted claims." *Id.* (quoting *Supreme Auto*, 902 F.3d at 741).

Here, construing Mr. Baker's *pro se* filings liberally, his proposed amendment does not relate back to the original motion. Although Mr. Baker's original motion and brief mention an alleged "failure to investigate" on the part

7

of his attorneys, he did not provide any explanation or factual basis as to what they allegedly failed to investigate, aside from not challenging the indictment as facially invalid for failing to state a proper mens rea. *See* dkt. 2 at 8. By contrast, the proposed amendment claims that his attorneys should have investigated whether the images in fact constituted child pornography as a matter of law and whether it was relevant that Mr. Baker allegedly had not requested the victim to send him any images. *See* dkt. 22. Since Mr. Baker's original motion challenges the indictment while his proposed amendment focuses on pre-indictment conduct, they are not "substantively similar in time and type" as required for relation back. *Coleman*, 79 F.4th at 830.

Also, while both the original and proposed amended motions present claims under the umbrella of ineffective assistance of counsel, that is not enough to support relation back. *See Beason v. Marske*, 926 F.3d 932, 938 (7th Cir. 2019) (concluding that an amendment would not have related back even though the petitioner's claims "both assert[ed] that the sentencing court committed legal error in sentencing him to a mandatory 15-year term of imprisonment as an armed career criminal"); *see United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999) (holding that claim of ineffective assistance in proposed amended § 2255 motion, alleging counsel should have filed motion to suppress, did not relate back to ineffective assistance claims made in original motion based on sufficiency of the evidence and sentencing). Instead, Mr. Baker's new claims in the proposed amendment are vastly different in their factual and legal scope than in the original motion, so it cannot be said that the original motion put the United

8

States on fair notice of the substance of the new allegations. *Cf. Coleman*, 79 F.4th at 829-30 (amended § 2255 motion related back to original where both alleged ineffective assistance of counsel concerning treatment of § 851 sentencing enhancement notice from the government).

In short, the facts of Mr. Baker's conviction and sentencing and who was representing him at the time do not provide a "common core of operative facts" between Mr. Baker's original and amended claims. Raising a claim of ineffective assistance of counsel in a § 2255 motion does not allow subsequent amended claims of any and all kinds, so long as they are also labeled "ineffective assistance." *See Beason*, 926 F.3d at 938; *Duffus*, 174 F.3d at 337. Mr. Baker's motion for leave to amend, dkt. [22], is **denied** because any such amendment is barred by the § 2255 statute of limitations.

### 2. Reply Brief

Mr. Baker argues in his reply brief that there is a jurisdictional impediment to his convictions due to an alleged lack of involvement with interstate commerce. Dkt. 15 at 3–9. This argument was not mentioned in either his original motion or his brief in support of the motion. The injection of completely new arguments into a § 2255 reply "deprives the respondent of an opportunity to brief those new issues," so they should be "considered waived, despite the fact that defendant was proceeding pro se." *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998).

The arguments that Mr. Baker attempts to make in his reply brief are therefore waived for bearing no relation to arguments made in his initial motion

9

and brief. The Court will consider neither the proposed amended § 2255 motion nor Mr. Baker's reply brief in ruling on his original motion.

### B. Freestanding Claims of Error

The Court first addresses Mr. Baker's claims that he frames as freestanding errors. He acknowledges that these claims were not raised on direct appeal, though he suggests (without developing the argument) that this was because appellate counsel was ineffective for dismissing the appeal. *See* dkt. 1 at 2, 7. The Court identifies claims that (1) the indictment was fatally defective; and (2) his guilty plea was not knowing, intelligent, and/or voluntary.

To the extent Mr. Baker hints at other freestanding claims of error, they are undeveloped and therefore waived. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Associates Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). "It is not the obligation of the court to research and construct the legal arguments open to parties . . . ." *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) (internal quotation omitted).

Generally, "[a] claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). To avoid waiver, a § 2255 petitioner must show either (1) cause and prejudice; or (2) actual innocence. *Delatorre v. United*

*States*, 847 F.3d 837, 843 (7th Cir. 2017). Mr. Baker does not argue actual innocence, so the Court focuses solely on cause and prejudice.[1]

"To excuse a procedural default for cause and prejudice, a petitioner must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim." *Id.* Even if the Court were to assume without deciding, as Mr. Baker suggests, that appellate counsel's deficient performance is the "good cause" for not raising these arguments on direct appeal, Mr. Baker still must show actual prejudice to avoid procedural default—the very same thing that must be shown to support an ineffective assistance claim. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984).

### 1. Indictment

Mr. Baker first contends that the indictment was fatally defective with respect to the production of child pornography charges, due to failing to properly state the mens rea for the offense. Dkt. 2 at 5–8. Mr. Baker is correct that the indictment as to those charges did not include the statute's mens rea language. But Mr. Baker cannot avoid procedural default of this claimed error.

18 U.S.C. § 2251(a), under which Mr. Baker was charged, states:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, *with the intent that such minor* engage in,

---

[1] Mr. Baker appears to suggest in his proposed amended § 2255 motion that he is actually innocent, but that amendment has been denied.

11

>  any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e) . . . .

(Emphasis added). Mr. Baker's indictment omitted the statutory language, "with the intent that such minor" before "engage in sexually explicit conduct." *See* Crim. dkt. 20 at 1. The indictment did allege that Mr. Baker "did employ, use, persuade, entice, or coerce" the victim to engage in sexually explicit conduct. *Id.*

Mr. Baker cites a number of older cases, such as *Russell v. United States*, 369 U.S. 749 (1962), for the proposition that a defective indictment is a "jurisdictional" problem that can be raised at any time. However, the Supreme Court overruled this line of cases as to the "jurisdictional" issue in *United States v. Cotton*, 535 U.S. 625, 631 (2002). In *Cotton*, the Court applied the plain-error test of Federal Rule of Criminal Procedure 52(b) to a direct appeal claim about an allegedly defective indictment that had not been challenged at the district court level. *Id.* at 631. Mr. Baker's alleged error is therefore not jurisdictional, and since this is a § 2255 proceeding, he must show actual prejudice. *See Delatorre*, 847 F.3d at 843.

"An indictment is deemed sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense." *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002). Indictments that closely track the statutory language are usually sufficient. *United States v. Maez*,

12

960 F.3d 949, 965 (7th Cir. 2020). The Seventh Circuit has "consistently held that 'in determining whether an essential element of the crime has been omitted from the indictment, courts will not insist that any particular word or phrase be used.'" *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002) (quoting *United States v. Garcia–Geronimo*, 663 F.2d 738, 742 (7th Cir. 1981)). Even an indictment that lacks statutory language regarding mens rea still may be reasonably constructed to state the charged offense if it otherwise tracks the rest of the statutory language. *Id.* (citing *United States v. Smith*, 223 F.3d 554, 571–72 (7th Cir. 2000)). If an indictment was not challenged at the district court, "it is immune from attack unless it is so obviously defective as not to charge the offense by any reasonable construction." *Smith*, 223 F.3d at 571 (cleaned up).

In *Smith*, the Seventh Circuit addressed an indictment under 21 U.S.C. § 861 that omitted the statutory mens rea of "knowingly or intentionally" for the offense of using minors to commit or avoid detection of a drug felony. The indictment did allege that the defendant "employed, hired, used, induced and enticed" a minor to commit the offense, paralleling the statutory language of § 861. The Court concluded that "[w]hile this indictment was far from perfect, and it might have been vulnerable to a timely objection, . . . it is not so thoroughly defective that it must be set aside at this late date." *Id.* It noted that at the least, the words "induce" or "entice" (if not the words "employ," "hire," or "use") necessarily implied "the ideas of purpose, knowledge, and intent" and thus the indictment was not so fundamentally flawed that it warranted setting aside the defendant's convictions. *Id.* at 572; *see also United States v. Olson*, 846 F.2d

13

1103, 1115–16 (7th Cir. 1988) (indictment for murder alleging that defendant killed victim "willfully, deliberately, maliciously and with premeditation" adequately alleged necessary statutory mens rea element of "malice aforethought").

The issue that Mr. Baker raises here is nearly identical to the issue in *Smith*. Although it might have been preferable if the indictment had precisely mirrored the statutory language of 18 U.S.C. § 2251(a), a reasonable construction of the remaining language of the indictment adequately conveys the necessary mens rea of intent for the offense of production of child pornography. Under *Smith*, Mr. Baker has not shown actual prejudice as required to avoid procedural default of this claim in a § 2255 proceeding.

Mr. Baker also appears to argue that the indictment was deficient for failing to allege the penalties he faced under 21 U.S.C. § 841. Dkt. 2 at 12–24. That statute, however, addresses penalties for drug crimes, and Mr. Baker does not address how it could be relevant to his convictions or sentence for child-pornography offenses, much less how he could show actual prejudice. *See id.*

Mr. Baker's claims related to his indictment are therefore procedurally defaulted.

### 2. Guilty Plea

Next, Mr. Baker contends this Court did not comply with *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11 when it accepted his guilty plea, making his plea unknowing, unintelligent, and/or involuntary. *Boykin* requires that before accepting a guilty plea, a court must

14

ensure that a defendant is knowingly and voluntarily waiving the rights against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin*, 395 U.S. at 243. Rule 11(b)(1) encompasses *Boykin* and requires a number of additional advisements:

> [T]he court must inform the defendant of, and determine that the defendant understands, the following:
>
> (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;
>
> (B) the right to plead not guilty, or having already so pleaded, to persist in that plea;
>
> (C) the right to a jury trial;
>
> (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding;
>
> (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
>
> (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
>
> (G) the nature of each charge to which the defendant is pleading;
>
> (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;
>
> (I) any mandatory minimum penalty;
>
> (J) any applicable forfeiture;
>
> (K) the court's authority to order restitution;
>
> (L) the court's obligation to impose a special assessment;
>
> (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

>> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and
>
> (O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

As recounted in the facts section above, the Court fully complied with *Boykin* and Rule 11 when accepting Mr. Baker's guilty plea. There is therefore no basis for concluding that his guilty plea was not knowing, intelligent, and voluntary.

### C. Ineffective Assistance of Counsel

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014). To satisfy the first prong of the *Strickland* test, a petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* To satisfy the prejudice component, a petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

16

### 1. Indictment

In addition to raising the defective indictment claim as a freestanding issue, Mr. Baker contends that counsel should have moved to dismiss the indictment, at least with respect to the production of child pornography charges.

But even if the original indictment may have been subject to dismissal on that basis, to prevail under *Strickland*'s prejudice standard, Mr. Baker must show that the ultimate result of the proceedings would have been different but for counsel's alleged error in not moving to dismiss. At the most, "since any deficiency could have been easily cured by obtaining a superseding indictment after a motion to dismiss was filed, there can no prejudice from counsel's failure to challenge the sufficiency of the indictment." *Petersen v. United States*, 2018 WL 4677916, * 9 (S.D. Ala. 2018); *Figueroa v. United States*, 2009 WL 310905 at *4 (N.D. Ill. 2009) (finding no prejudice because it was "highly improbable that the court would have dismissed his complaint or indictment with prejudice"); *United States v. Cook*, 48 F. Supp. 2d 776, 777 (N.D. Ill. 1999). Baker has not met his burden of proving ineffective assistance of counsel on this claim.

### 2. Other Claims

Mr. Baker has mentioned several other possible grounds for ineffective assistance, such as that counsel "caused the Petitioner in this case to receive too long a sentence," "failed to make any pretrial investigations into this case," "never filed a Bill of Particulars," and "never even filed an appeal on these important errors and complex issues." Dkt. 2 at 7-8. There is no factual and legal explanation in support of these alleged instances of ineffective assistance.

17

Therefore, to the extent that Mr. Baker is attempting to raise ineffective assistance claims based on those allegations, they are waived. *M.G. Skinner & Associates Ins. Agency, Inc.*, 845 F.3d at 321 ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

### IV. Conclusion

For the reasons explained in this Order, Mr. Baker is not entitled to relief on his § 2255 motion. His counsel were not ineffective for declining to challenge his indictment, his freestanding claims are not supported by the record, and his other claims are waived. Moreover, Mr. Baker's factual claims, even if true, would not warrant relief, or they lack sufficient detail to warrant holding an evidentiary hearing to resolve them.

Accordingly, Mr. Baker's § 2255 petition is **DENIED**. Mr. Baker's motion to amend his § 2255 motion, dkt. [22], is **denied**. Mr. Baker's motion requesting the status of this case, dkt. [26], is **granted** to the extent that this Order resolves the case. Judgment consistent with this Order shall now issue and the **clerk shall docket a copy of this Order in No. 1:17-cr-00163-JPH-MJD-1**. The motion to vacate, Crim. Dkt. [101], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate

Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Baker has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 5/22/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

KEVIN C. BAKER
15829-028
PETERSBURG - MEDIUM FCI
PETERSBURG MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804